**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTINE CIPRIANO,<br><br>     Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>     Defendant. | Civil Action No. 23-2742 (ZNQ)<br><br>OPINION |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Justine Cipriano's ("Plaintiff") appeal of the Social Security Administration's denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423, *et seq*. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

After reviewing the parties' submissions and the Administrative Record ("AR"), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence. Accordingly, the Social Security Administration's denial of Plaintiff's application will be **AFFIRMED**.

**I. BACKGROUND**

The issues before the Court are: (1) whether the ALJ erred in evaluating the Social Security Listings at step three of the sequential evaluation process; (2) whether the ALJ properly assessed Plaintiff's residual functional capacity ("RFC"); (3) whether the ALJ properly considered the

opinions of treating psychologist Dr. Ronald Coughlin ("Dr. Coughlin") and psychological consultative examiner Dr. Christopher Williamson ("Dr. Williamson"); (4) whether the ALJ properly considered Plaintiff's and her husband's testimony pursuant to Social Security Ruling ("SSR") 16-3P; and (5) whether substantial evidence supports the ALJ's finding at step five of the sequential evaluation process.

### A. Procedural Posture

On January 17, 2021, Plaintiff filed an application for DIB, alleging a disability onset date of March 1, 2018. (*See* ECF No. 3-2, AR 15.) The Social Security Administration ("SSA") denied the request both initially and on reconsideration. (*See id.*) Thereafter, Plaintiff requested a hearing, which was held via telephone on May 19, 2022. (*See id.*) In August 2022, the presiding ALJ issued a decision finding that Plaintiff is not disabled under sections 223(d) and 216(i) of the Social Security Act, and Plaintiff appealed. (*See id.* 1, 31.) The SSA's Appeals Council denied Plaintiff's request for review, finding no grounds for review of the ALJ's decision. (*See id.* 1.) Accordingly, Plaintiff initiated the instant appeal before this Court. (ECF No. 1.)

On September 9, 2023, Plaintiff filed her Opening Brief ("Pl.'s Br.", ECF No. 6.) The Commissioner filed a brief in opposition ("Opp'n Br.", ECF No. 10), to which Plaintiff replied ("Reply Br.", ECF No. 13).

### B. The ALJ's Decision

On August 17, 2022, the ALJ determined that Plaintiff was not disabled under the prevailing SSA regulations. (*See generally* AR 12–35.) The ALJ set forth the five-step process for determining whether an individual is disabled. (*Id.* 16–17 (citing 20 C.F.R. § 404.1520 *et seq.*).) At step one, the ALJ found that Plaintiff has not "engaged in substantial gainful activity" since the disability onset date, March 1, 2018. (*Id.* 18 (citing 20 C.F.R. § 404.1571 *et seq.*).) At step two, the ALJ found that Plaintiff suffers from the following severe impairments: depressive

2

disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"). (*Id.* (citing 20 C.F.R. § 404.1520(c)).) At step three, the ALJ determined that Plaintiff does not have "an impairment or combination of impairments" that qualifies under the SSA's listed impairments. (*Id.* (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).)

Before proceeding to steps four and five, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is able to perform simple, routine tasks; make simple work-related decisions; can interact with coworkers occasionally, but never have interaction with the public." (*Id.* 19 (citing 20 C.F.R. §§ 404.1529, 404.1520c; SSR 16-3p).) At the fourth step, the ALJ concluded that Plaintiff "is unable to perform [her] past relevant work." (*Id.* 30.) Then, at the fifth step, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that Plaintiff can perform. (*Id.* (citing 20 C.F.R. §§ 404.1569, 404.1569a).)

## II.    LEGAL STANDARD

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted). In other words,

3

substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (internal quotation marks omitted).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted). Even if the Court would have reached a different decision than the ALJ, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," the ALJ must include a written explanation of why probative evidence has been rejected "so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981).

### III. DISCUSSION

#### A. Whether the ALJ Erred in Evaluating the Social Security Listings at Step Three

The ALJ concluded in his decision that Plaintiff does not meet or equal any of the Listings at issue in this case—Listings 12.04 for depressive, bipolar, and related disorders, 12.06 for anxiety and obsessive-compulsive disorders, and 12.15 for trauma and stressor-related disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06, 12.15; (*see* AR 18–19.) Despite the ALJ's ruling, Plaintiff insists that ample evidence in the record supports a finding that she meets Listings 12.04, 12.06, and 12.15, or that she otherwise equals a combination of those Listings. (Pl.'s Br. at 21–23.) Plaintiff argues that she satisfies the "A" criteria of those Listings, and that she has an extreme limitation in her ability to concentrate, persist, or maintain pace under the "B" criteria.

4

(*Id.*) Additionally, Plaintiff contends that she satisfies the "C" criteria because she has had documented conditions for over two years that are "serious and persistent," and that her ongoing medical treatment temporarily diminishes her symptoms, resulting in marginal adjustment.[1] (*Id.* at 23).

To meet Listing 12.04, 12.06, or 12.15, a plaintiff must prove that she satisfies a combination of the respective "A" and "B"[2] criteria or "A" and "C" criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. The Third Circuit "does not require the ALJ to use particular language or adhere to a particular format in conducting [his] analysis" at step three. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (discussing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000)). Instead, the ALJ is required to issue a decision that, "read as a whole," contains a "sufficient development of the record and explanation of [the ALJ's] findings to permit meaningful review." *Id.*

Here, the ALJ concluded that Plaintiff does not meet or equal those Listings because she does not meet the "B" or "C" criteria. (AR 18–19.) Specifically, the ALJ found that Plaintiff has moderate, as opposed to marked or extreme, limitations across the four functional "B" criteria,[3] and that under the "C" criteria Plaintiff's impairments do not result in marginal adjustment. (*Id.*) After careful review, the Court finds that substantial evidence in the record, when "read as a whole," supports the ALJ's conclusions at step three. *Jones*, 364 F.3d at 505. The ALJ's decision explicitly considers Plaintiff's testimony when determining that Plaintiff has only moderate limitations across each functional "B" criterion, including Plaintiff's ability to concentrate, persist,

---

[1] Marginal adjustment is defined as a "minimal capacity to adapt to changes in [the] environment or to demands that are not already part of [a plaintiff's] daily life." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(G)(2)(c).

[2] Plaintiff primarily relies on Dr. Coughlin's opinions to make this point; however, for reasons stated *infra*, the Court will affirm the ALJ's finding that Dr. Coughlin's opinions are unpersuasive.

[3] A plaintiff needs to show marked limitations of two, or extreme limitation of one, of the four functional "B" criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00.

5

or maintain pace.[4] (AR 19.) The ALJ's decision also discusses extensive medical evidence in the record that Plaintiff: is often attentive with no attentional difficulties; is oriented and alert; has normal cognitive functioning with the ability to perform serial sevens and repeat five digits forwards and backwards; and has intact memory, associations, insight, and judgment. (AR 22–29.) Regarding the "C" criteria, the ALJ's decision considers substantial medical evidence that Plaintiff's self-care and domestic skills are frequently "intact" and "unimpaired." (AR 22–28.) Moreover, the ALJ noted that Plaintiff went on vacation for two weeks in 2018 and again in 2021, which supports the ALJ's finding that Plaintiff has not shown marginal adjustment. (AR 23, 26); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(G)(2)(c) (marginal adjustment requires such deterioration of function that, for example, the plaintiff has "become unable to function outside of [their] home or a more restrictive setting").

The Court will therefore affirm the ALJ's decision at step three, as it is supported by substantial evidence.

### B. Whether the ALJ Erred in Assessing Plaintiff's RFC

When determining Plaintiff's RFC, the ALJ concluded that Plaintiff can "perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is able to perform simple, routine tasks; make simple work-related decisions; can interact with coworkers occasionally, but never have interaction with the public." (AR 19.) Plaintiff argues that that the ALJ conducted an improper RFC assessment pursuant to SSR 96-8p by: (1) failing to take into account symptoms of her PTSD, obsessive-compulsive disorder, panic disorder, and delusion disorder, including time that she would be off-task during each workday (*see* Pl.'s Br. at

---

[4] Given that Plaintiff only challenges the ALJ's "B" criteria findings with respect to her ability to concentrate, persist, or maintain pace, the Court need not address whether substantial evidence supports the ALJ's findings of moderate limitations for the other three functional "B" criteria. (*See* Pl.'s Br. at 22–23.)

6

18–19, 21); (2) conducting an improper psychiatric review technique ("PRT"), (*see id.* at 20–21); and (3) failing to include any physical or exertional limitations in the RFC, (*see id.* at 33–34).

An individual's RFC is an assessment of their maximum remaining ability to do sustained work activities in a work setting on a regular and continuing basis. *See* 20 C.F.R. § 404.1545(a); SSR 96-8p. The RFC assessment is an administrative finding and the ALJ alone is responsible for determining a plaintiff's RFC. *See* 20 C.F.R. § 404.1527(d)(2). Generally, a court should defer to the presiding ALJ when substantial evidence supports the ALJ's conclusion. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). As mentioned, substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Perales*, 402 U.S. at 401.

After a comprehensive review of the record, the Court finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC. Contrary to Plaintiff's contention, the ALJ did account for Plaintiff's mental impairments by determining that she could perform only simple, routine tasks, make only simple, work-related decisions, and interact only occasionally with coworkers and not at all with the general public. (AR 19.) The ALJ also devoted nearly twelve pages to discussing the relevant medical evidence, medical opinions, and subjective testimony.[5] (*Id.* 19–30.) Regarding physical limitations, the Court notes that Plaintiff cites only her subjective complaints in support thereof, and that Plaintiff applied for DIB only on the basis of her mental impairments.[6] (*Id.* 60, 68; Pl.'s Br. at 33–34.) The Court finds no error in the ALJ's ultimate decision not to impose any exertional limitations on Plaintiff's RFC because the ALJ did in fact consider Plaintiff's subjective complaints in his decision, *see* discussion *infra*, and substantial

---

[5] Individual objections Plaintiff makes to these various forms of evidence are addressed *infra*.
[6] The ALJ acknowledges this by considering only the effect of possible limitations of Plaintiff's "ability to perform basic *mental* work activities." (AR 18 (emphasis added).)

7

evidence supports his decision.[7] (AR 19–30 (objective medical evidence detailing mostly mental impairments).) Furthermore, contrary to Plaintiff's contention, the ALJ did conduct a proper PRT when determining Plaintiff's RFC, explaining:

> The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of the areas of mental functioning. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

(AR 19.)

For all of these reasons and given the ALJ's thorough discussion of Plaintiff's impairments, the Court finds no deficiency in his RFC analysis. The ALJ adequately incorporated Plaintiff's limitations according to the evidence in the record, and his decision is supported by substantial evidence.

### C. Whether the ALJ Erred in Considering the Opinions of Dr. Coughlin and Dr. Williamson

Plaintiff argues that the ALJ improperly evaluated the opinions of treating psychologist Dr. Coughlin and psychological consultative examiner Dr. Williamson.[8] (Pl.'s Br. at 26–31.) Regarding Dr. Coughlin, the ALJ found his various opinions, including an RFC questionnaire dated April 25, 2022, to be unpersuasive. (AR 29–30.) Plaintiff argues that this decision was improper because Dr. Coughlin's findings are consistent with his own treatment notes, as well as with the treatment notes of Dr. Prakash Amin. (Pl.'s Br. at 26–30.) Regarding Dr. Williamson, the ALJ discussed his findings but did not consider the persuasiveness thereof. (AR 23–24.)

---

[7] Likewise, substantial evidence in the record supports the ALJ's decision not to include a limitation in the RFC of time off-task, in support of which Plaintiff provides only her own testimony. (AR 19–30.)
[8] The ALJ discusses the opinion of Dr. Williamson, but with a misspelled reference to his name as Dr. "Williams." (AR 23–24.)

8

Plaintiff argues that the ALJ erred by mentioning Dr. Williamson's findings but not addressing how those findings were considered in the ALJ's decision. (Pl.'s Br. at 30–31.)

Medical opinions are statements "from a medical source about what [a plaintiff] can still do despite [their] impairment(s)." 20 C.F.R. § 404.1513(a)(2). Under the updated SSA regulations, an ALJ is to consider the persuasiveness of medical opinions and prior administrative medical findings instead of assigning them weight, as was required under the previous SSA regulations. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Critically, the two most important factors are supportability and consistency. (*Id.*)

After thorough review of the ALJ's decision, the Court finds that the ALJ carefully considered the evidence and opinions provided from Dr. Coughlin and Dr. Williamson. First, the Court notes that the evidence provided by Dr. Williamson is not a medical opinion, but "objective medical evidence," as defined in the SSA regulations, that he reported based on a mental status evaluation that he conducted; Dr. Williamson does not opine on what Plaintiff "can still do despite [her] impairment(s)."[9] (*See* AR 405–07); 20 C.F.R. § 404.1513(a). The Court finds that the ALJ therefore did not err in his discussion of Dr. Williamson's findings, as an ALJ need not evaluate the persuasiveness of objective medical evidence. 20 C.F.R. § 404.1513(a).

Likewise, the Court finds that the ALJ did not err in evaluating Dr. Coughlin's opinions. First, the ALJ considered Dr. Coughlin's opinions in detail. (AR 25–28.) The ALJ explained that he found Dr. Coughlin's opinions unpersuasive because evidence in the record "[o]verall" does not support the degree of limitations on which Dr. Coughlin opined, but rather shows that Plaintiff has improved with treatment. (*Id.* 29.) Additionally, the ALJ noted that Dr. Coughlin failed to

---

[9] The only part of Dr. Williamson's evaluation that may be construed as a "medical opinion" is his statement that it "appear[ed] that [Plaintiff] is competent to handle her own funds at the present time should it be deemed applicable." (AR 407.) However, Plaintiff does not take issue with the ALJ's failure to consider the persuasiveness of this particular point. (*See* Pl.'s Br. at 30–31.)

9

provide specific treatment records to support his opinions, and that his opinions in fact, contrary to Plaintiff's argument, "directly contradict" those of Dr. Amin.[10] (*Id.*) Lastly, the ALJ accurately noted that Dr. Coughlin's opinions about Plaintiff's inability to work are "reserved to the Commissioner of Social Security." (*Id.* 30.)

In sum, the Court finds that the ALJ properly discussed the findings of Dr. Williamson and properly assessed the persuasiveness of Dr. Coughlin, both of whose conclusions are supported by substantial evidence.

### D. Whether the ALJ Erred in Considering the Testimony of Plaintiff and Her Husband

Next, Plaintiff argues that the ALJ failed to properly consider Plaintiff's own subjective complaints, as well as the testimony of her husband, pursuant to SSR 16-3P. (Pl.'s Br. at 31–34.) In his decision, the ALJ found that Plaintiff has medically determinable impairments reasonably expected to cause her symptoms, but that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her limitations is "not entirely consistent" with the medical and other evidence of record. (AR 21.) Plaintiff contends that, to the contrary, the rest of the record is consistent with her testimony of physical limitations, including: various occasions on which Plaintiff reported joint pain, (Pl.'s Br. at 33); a report that her "gait is shuffling, her posture is slouched, and her motor behavior is mostly slow retarded movements," (*id.*); and evidence reflecting Plaintiff's "memory loss, headaches, and dizziness," (*id.*) Therefore, Plaintiff maintains that the ALJ should have given greater probative value to her testimony. (*Id.* at 21.) Likewise, Plaintiff argues that the ALJ also failed to properly consider the testimony of her husband, Mike Cipriano. (*Id.* at 21.)

---

[10] On this point, the ALJ's decision controls, as the Court shall not "re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

10

Pursuant to SSR 16-3P and corresponding SSA regulations, the ALJ must engage in a two-step process when evaluating an individual's symptoms; first the ALJ must determine whether the individual has any medically determinable impairments that could reasonably be expected to produce their alleged symptoms, and then the ALJ must evaluate the intensity and persistence of those impairments to determine the extent to which they limit the individual's capacity for work. SSR 16-3P; 20 C.F.R. § 404.1529(c)(1)–(3). The ALJ must consider several factors during this analysis, and "evaluate [the individual's] statements in relation to the objective medical evidence and other evidence" in the record, including to determine "whether there are any inconsistencies in the evidence." 20 C.F.R. § 404.1529(c)(4).

After careful review of the record and the ALJ's decision, it is clear that the ALJ not only properly articulated the above framework for evaluating Plaintiff's symptoms, but he applied it in a thorough and thoughtful manner. (*See* AR 19–28.) The ALJ explained that, for example, contrary to Plaintiff's testimony, the objective medical evidence shows that she often has intact self-care and domestic skills, and normal relationships with family and friends. (AR 24–28.) Additionally, the medical evidence contradicts Plaintiff's claims of having memory loss, and does not support Plaintiff's complaints of headaches and dizziness. *See supra* at 6 (discussing Plaintiff's attentiveness as evidenced by the record); (AR 21–29.) The Court finds that the ALJ's evaluation of Plaintiff's testimony was therefore supported by substantial evidence. Regarding Mr. Cipriano's testimony, the ALJ did discuss that evidence, and Plaintiff fails to explain how such discussion was improper. (AR 21; *see* Pl.'s Br. at 34.) The Court therefore finds no error.

In sum, the ALJ found Plaintiff's testimony to be "not entirely consistent" with the medical evidence, which the Court deems an appropriate evaluation. (*Id.* 22.) Accordingly, the Court finds

that substantial evidence supports the ALJ's findings with respect to both Plaintiff's and Mr. Cipriano's testimony.

### E. Whether the ALJ Erred in Concluding at Step Five that Jobs Exist in Significant Numbers in the National Economy which Plaintiff Can Perform

Finally, Plaintiff argues that the ALJ did not meet the SSA's burden at step five when he concluded that Plaintiff is able to perform the jobs of laboratory equipment cleaner, launderer, and mail clerk, which exist in significant numbers in the national economy. (Pl.'s Br. at 34–39.) Relying on sources other than the Dictionary of Occupational Titles ("DOT"), Plaintiff insists that she cannot perform the listed jobs because: (1) they have requirements that are inconsistent with "simple, routine tasks," as they have reasoning levels two and three in the DOT, and (2) they require more than "occasional" interactions with coworkers. (*Id.* at 36–39.) Plaintiff argues that the Vocational Expert's ("VE") testimony violates SSR 00-4p by not addressing these apparent conflicts between the job requirements and Plaintiff's RFC. (*Id.* at 36.)

After careful review of the record, the Court finds that substantial evidence supports the ALJ's finding at step five. In making his decision at step five, the ALJ explained that he relied on the DOT, as well as on the testimony of the VE, who confirmed that Plaintiff would be able to perform the jobs given her RFC. (AR 31.) The ALJ explained:

> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. Any vocational expert testimony inconsistent with the DOT is based upon the vocational expert's professional experience in literature with regard to the claimant being off tasks and to absences.

(AR 31.) Furthermore, Plaintiff relies on sources outside of the DOT—namely, OccuCollect, (*see* Pl.'s Br. at 38)—to attempt to create a conflict with the DOT under SSR 00-4p. Plaintiff cannot

do this because SSR 00-4p only addresses and prohibits conflicts between the VE and the DOT specifically, which the Court does not find exist here.

The Court therefore finds no reason to disturb the ALJ's step five findings, as they are supported by substantial evidence.

## IV.   CONCLUSION

For the foregoing reasons, the Court will **AFFIRM** the ALJ's decision. An appropriate Order will follow.

**Date: May 28, 2024**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE